UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RAM PARKASH VOHRA,

Plaintiff,

v.

DIEMA MOBLEY, TIROS MOBLEY,

Defendants.

No. 2:18-cv-02696-KJM-DB

ORDER

On October 4, 2018, defendants, proceeding pro se, removed this unlawful detainer action from Solano County Superior Court. ECF No. 1. Defendants also filed motions to proceed in forma pauperis. ECF Nos. 2, 3. As explained below, the court REMANDS the case to Solano County Superior Court and DENIES as MOOT defendants' motions to proceed in forma pauperis.

Defendants' Notice of Removal asserts the court has federal question jurisdiction because plaintiffs' 3-day notice did not comply with state law requirements, the state court denied plaintiffs' demurrer challenging the 3-day notice, and "Defendant's [*sic*] Demurrer . . . depend [*sic*] on the determination of Defendant's rights and Plaintiff's duties under federal law." ECF No. 1 at 2. These allegations are insufficient to establish this court's jurisdiction.

1

Under 28 U.S.C. § 1331, district courts have federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Under the longstanding well-pleaded complaint rule, a suit "arises under" federal law "only when the plaintiff's statement of his own cause of action shows that it is based upon [federal law]." *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908). Here, plaintiff filed an unlawful detainer complaint, which is a matter of state law. *See* ECF No. 1 at 6-8 (complaint). Defendants are mistaken in their belief that their demurrer, or the state court's denial thereof, provide this court with federal question jurisdiction. *See Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009) (federal question jurisdiction cannot rest upon an actual or anticipated defense or counterclaim).

A federal district court may remand a case sua sponte where a defendant has not established federal jurisdiction. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded . . . ."); *Enrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988) (citing *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921)). The court lacks jurisdiction to hear this unlawful detainer case and therefore REMANDS this action to the state court and DENIES defendants' motions to proceed in forma pauperis as MOOT.

IT IS SO ORDERED.

DATED: October 9, 2018.

_____
UNITED STATES DISTRICT JUDGE